**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LISA P.,

                Plaintiff,

    v.                                            1:18-CV-890
                                                    (DJS)

ANDREW M. SAUL,[1] *Commissioner of
Social Security*,

                Defendant.

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| DENNIS KENNY LAW<br>Attorney for Plaintiff<br>288 North Plank Road<br>Newburgh, New York 12550 | JOSEPHINE GOTTESMAN, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>REGION II<br>Attorney for Defendant<br>26 Federal Plaza - Room 3904<br>New York, New York 10278 | ARIELLA ZOLTAN, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Mr. Saul became Commissioner on June 17, 2019 and is substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

# MEMORANDUM-DECISION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled for purposes of disability insurance benefits. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11 & 12. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is denied and Defendant's Motion is granted. The Commissioner's decision is affirmed and the Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1963. Dkt. No. 8, Admin. Tr. ("Tr."), p. 70. Plaintiff reported having completed high school. Tr. at p. 163; *but see* Tr. at p. 353 (indicating Plaintiff did not graduate from high school). She has past work experience as a clerk and supervisor for a non-profit organization. Tr. at pp. 29-30 & 163. Plaintiff alleges disability based upon "stress anxiety panic attacks chest pains" [sic], pain, trouble walking, arthritis, high blood pressure, and uncontrolled diabetes. Tr. at p. 70.

---

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 5 & General Order 18.

## B. Procedural History

Plaintiff applied for disability and disability insurance benefits on March 31, 2015. Tr. at p. 15. She alleged a disability onset date of March 27, 2015. Tr. at p. 70. Plaintiff's application was initially denied on June 30, 2015, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 80 & 92. Plaintiff appeared at a hearing before ALJ Dennis G. Katz on June 6, 2017 at which she and a vocational expert testified. Tr. at pp. 40-69. On October 30, 2017, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 15-32. On June 4, 2018, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## C. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2019 and that she had not engaged in substantial gainful activity since March 27, 2015, the alleged onset date. Tr. at pp. 17-18. Second, the ALJ found that Plaintiff had the following severe impairments: cervical spine disorder, osteoarthritis, carpal tunnel syndrome, and fibromyalgia. Tr. at p. 18. The ALJ also found that Plaintiff had numerous non-severe impairments, including most relevant to the issues raised in this case, diabetes and certain psychiatric conditions. Tr. at p. 18. Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R.

§ 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 22-24. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform the full range of sedentary work. Tr. at p. 24. Fifth, the ALJ found that Plaintiff could perform her past relevant work as an office clerk. Tr. at pp. 29-30. The ALJ also found that there was other work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 30-31. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 31.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence

4

as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential

5

evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. The Parties' Briefings on Their Cross-Motions

In her brief, Plaintiff makes three principal arguments. First, she contends that the ALJ failed to accommodate the full range of Plaintiff's documented medical impairments. Dkt. No. 11, Pl.'s Mem. of Law, pp. 15-18. Second, Plaintiff contends that the ALJ failed to properly evaluate her credibility. *Id.* at pp. 18-20. Third, Plaintiff

contends that the ALJ failed to recognize that Plaintiff's impairments are consistent with the medical evidence. *Id.* at pp. 20-25.

In response, Defendant contends that the ALJ properly evaluated Plaintiff's medical conditions at step two of the sequential analysis. Dkt. No. 12, Def.'s Mem. of Law, pp. 4-11. Defendant also asserts that the ALJ's RFC determination was supported by substantial evidence. *Id.* at pp. 11-22. Third, Defendant contends that Plaintiff would not be disabled even if she were more limited in her ability to walk or stand than the ALJ found. *Id.* at pp. 22-24.

### III. ANALYSIS

### A. The ALJ's Severity Determination

"At step two of the sequential analysis, the ALJ must determine whether the claimant has a 'severe medically determinable physical or mental impairment.'" *Pepper v. Comm'r of Soc. Sec.*, 2015 WL 3795879, at *2 (N.D.N.Y. June 17, 2015) (quoting 20 C.F.R. § 404.1520(a)(4)(ii)). A condition will be found not severe when it does not significantly impact or limit the individual's ability to do basic work. *Id.*; *see also Royal v. Astrue*, 2012 WL 5449610, at *5 (N.D.N.Y. Oct. 2, 2012), *report and recommendation adopted*, 2012 WL 5438945 (N.D.N.Y. Nov. 7, 2012). Plaintiff alleges that the ALJ erred in not finding her diabetes and mental impairments to be severe. Pl.'s Mem. of Law at pp. 15-18.

"The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a

7

condition severe." *Bergeron v. Astrue*, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). "The severity of an impairment is not determined merely by diagnosis, but by the limitations imposed by the impairment." *Tillis v. Colvin*, 2016 WL 8674672, at *2 (N.D.N.Y. Mar. 11, 2016). "The claimant bears the burden of presenting evidence establishing severity." *Henry v. Astrue*, 32 F. Supp.3d 170, 180 (N.D.N.Y. 2012) (citing *Miller v. Comm'r of Soc. Sec.*, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008)). "When the parties disagree over the effect of the ALJ's failure to include a condition at step two, resolution of this issue comes down to a question of whether there was substantial evidence to support the ALJ's conclusion that [the condition(s)] should not be included as a severe impairment." *Eralte v. Colvin*, 2014 WL 7330441, at *10 (S.D.N.Y. Dec. 23, 2014) (quoting *Hussain v. Comm'r of Soc. Sec.*, 2014 WL 4230585, at *7 (S.D.N.Y. Aug. 27, 2014)) (internal quotations omitted).

Plaintiff appears to object to the ALJ's conclusion that Plaintiff's diabetes and psychiatric disorders were non-severe. Pl.'s Mem. of Law at pp. 16-18. A review of the ALJ's analysis of those conditions reveals no error.

As to Plaintiff's psychiatric condition, the ALJ recognized Plaintiff's diagnosed conditions. Tr. at pp. 19-20. The ALJ then undertook a detailed analysis of the "Paragraph B" criteria under the regulations to assess Plaintiff's mental functioning. Tr. at pp. 20-21. That analysis led the ALJ to conclude that Plaintiff had no more than a

8

mild limitation in any of the identified functional areas and, as a result, her condition was not severe. Tr. at pp. 21-22.

In arguing that her psychiatric impairments are severe, Plaintiff cites to repeated references to those conditions throughout the medical record. Pl.'s Mem. of Law at pp. 16-17 (citing record). The ALJ did not dispute the existence of these conditions, finding only that they did not rise to the level of severe impairments. Plaintiff alleges that the ALJ "erroneously found that Dr. Schleuderer had not indicated any limitations in mental functioning." Pl.'s Mem. of Law at p. 16. Dr. Schleuderer was seen in his capacity as a consultative examiner ("CE"). Tr. at p. 20. A review of the record, however, shows that the ALJ was correct in reaching that conclusion – Dr. Schleuderer's report did not, in fact, indicate any mental limitations. *See* Tr. at pp. 353-356. Plaintiff also relies on the medical source statement from Nurse Practitioner Delaparte which found Plaintiff unable to work because of anxiety. Pl.'s Mem. of Law at p. 16. The ALJ did not afford this rather conclusory statement much weight, Tr. at pp. 28-29, and it alone is no basis for concluding that the ALJ erred in finding these conditions non-severe. *Shields v. Astrue*, 2012 WL 1865505, at *3 (E.D.N.Y. May 22, 2012) (conclusory claim insufficient to establish severity at step two). The ALJ's analysis was detailed and accurately reflected the record evidence. The Court finds no error in his conclusion that these conditions were non-severe.

Plaintiff also takes exception to the ALJ's failure to identify the specific weight given to Dr. Schleuderer's opinion. Pl.'s Mem. of Law at p. 16. However, "ALJs are

not required to explicitly assign weight to all medical opinions of record, particularly those of consulting (rather than treating) medical sources, as long as the ALJ considered the relevant medical opinions." *Batease v. Berryhill*, 2017 WL 1102659, at *7 (D. Vt. Mar. 24, 2017) (citing cases). It is clear that the ALJ did in fact consider Dr. Schleuderer's opinion here. *See* Tr. at pp. 20-21. In doing so, the ALJ simply reached a different conclusion than Plaintiff would have preferred. The Court concludes that this was the result of an appropriate review of the record and was not as Plaintiff argues "merely a product of the ALJ's imagination." Pl.'s Mem. of Law at p. 17.

Plaintiff's argument that the CE failed to comply with a Programs Operations Manual System ("POMS") requirement regarding identifying an RFC as part of his report, Pl.'s Mem. of Law at p. 16 & n. 5, is also unavailing here as "POMS guidelines 'have no legal force, and they do not bind the Commissioner.'" *Tejada v. Apfel*, 167 F.3d 770, 775 (2d Cir. 1999) (quoting *Schweiker v. Hansen*, 450 U.S. 785, 789 (1981)).

Regarding Plaintiff's diabetes, the ALJ found:

> no indication in the medical records the claimant required more than conservative treatment or that medications and adherence to a proper diet were ineffective in controlling these conditions. Moreover, lab work indicates the claimant's A1c levels have decreased over time, and, as of June 2016, her A1c level tested 7.0. Treatment notes throughout the record indicate these conditions were well controlled with medication and proper diet.

Tr. at p. 18 (citations omitted). Here, too, a review of the evidence cited by the ALJ demonstrates that he accurately cited the record which adequately supports his conclusion that Plaintiff's diabetes would not have a significant adverse impact on

10

Plaintiff's ability to work. Plaintiff's argument relies largely on citation to individual treatment records that admittedly favor her argument, Pl.'s Mem. of Law at p. 17, but Plaintiff is not permitted to "cherry-pick a single form from an extensive treatment record." *Marquez v. Colvin*, 2013 WL 5568718, at *12 (S.D.N.Y. Oct. 9, 2013). Taken in total, the record established that Plaintiff's diabetes was generally well-managed and did not present a severe impairment. Accordingly, the Court concludes that the ALJ's conclusion was supported by substantial evidence. *See Booker v. Astrue*, 2011 WL 3735808, at *2 (N.D.N.Y. Aug. 24, 2011) (record supported finding that diabetes was not severe impairment).

For these reasons, the Court finds no error warranting reversal at step two of the sequential analysis. The Court notes that even if there had been an error, it "may be deemed harmless error, particularly where the disability analysis continues and the ALJ later considers the impairment in her RFC determination." *Pascal T. v. Berryhill*, 2019 WL 316009, at *7 (N.D.N.Y. Jan. 24, 2019) (citing cases). The ALJ found other severe impairments and in reaching his ultimate determination noted that he had considered evidence of all physical and mental limitations. Tr. at p. 28. Any error, therefore, would have been harmless in any event.

### B. Consideration of Plaintiff's Subjective Complaints

The ALJ concluded that Plaintiff's subjective statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. at p. 25. Plaintiff

argues that this was error both factually and under SSR 16-3p, which she contends prohibited the ALJ from making a credibility determination. Pl.'s Mem. of Law at pp. 18-20.

Plaintiff is correct that SSR 16-3p eliminated the use of the word "credibility" from prior departmental policy statements. *Debra T. v. Comm'r of Soc. Sec.*, 2019 WL 1208788, at *9 (N.D.N.Y. Mar. 14, 2019). The ALJ remains obligated, however, to "carefully consider all the evidence presented by claimants regarding their symptoms, which fall into seven relevant factors including daily activities and the location, duration, frequency, and intensity of their pain or other symptoms." *Id.* (quoting *Del Carmen Fernandez v. Berryhill*, 2019 WL 667743, at *9 (S.D.N.Y. Feb. 19, 2019) (internal quotations and alterations omitted).

> The evaluation of symptoms involves a two-step process. First, the ALJ must determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce the pain or other symptoms alleged...." 20 C.F.R. §§ 404.1529(a), (b); 416.929(a), (b).
>
> If so, at the second step, the ALJ must consider "'the extent to which [the claimant's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the [objective medical evidence] and other evidence to decide how [the claimant's] symptoms affect [her] ability to work.'" *Barry v. Colvin*, 606 F. App'x 621, 623 (2d Cir. 2015) (citing *inter alia* 20 C.F.R. § 404.1529(a); *Genier v. Astrue*, 606 F.3d at 49) (alterations in original). If the objective medical evidence does not substantiate the claimant's symptoms, the ALJ must consider the other evidence. *Cichocki v. Astrue*, 534 F. App'x 71, 76 (2d Cir. 2013) (citing superseded SSR 96-7p). The ALJ must assess the claimant's subjective complaints by considering the record in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of

12

claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

*Debra N. v. Comm'r of Soc. Sec.*, 2019 WL 1369358, at *7 (N.D.N.Y. Mar. 26, 2019).

Here, the ALJ was clearly aware of the requirements of and his obligations under SSR 16-3p, Tr. at pp. 24-25, and the Court finds no error in his evaluation of Plaintiff's subjective complaints that would require remand. The record indicates that the ALJ undertook a careful consideration of relevant factors. He identified Plaintiff's daily activities and discussed the extent to which they did, and often did not, correlate with her subjectively reported limitations, including her ability to drive, to ambulate, and her need for, and claimed basis for having, an assistive device. *Id.* These determinations provided evidence that Plaintiff's subjective complaints were not consistent with the overall medical evidence in the record. The ALJ particularly took note of the extent to which Plaintiff's subjective complaints were inconsistent with either her hearing testimony or her reports to medical providers. Tr. at p. 25. Doing so was not only consistent with, but required by, SSR 16-3p which states that the Social Security Administration "will compare statements an individual makes in connection with the individual's claim for disability benefits with any existing statements the individual made under other circumstances." Soc. Sec. Ruling 16-3p, 2016 WL 1119029, at *8. It was thus "well within the ALJ's discretion to compare contradictory statements of daily

13

activities." *Hayes v. Berryhill*, 2017 WL 4326118, at *10 (S.D.N.Y. Sept. 28, 2017). While Plaintiff points to other evidence in the record which supports her position regarding the severity of her subjective complaints, Pl.'s Mem. of Law at pp. 18-19, it was ultimately for the ALJ, not the Court to resolve such evidentiary conflicts. *Conger v. Comm'r of Soc. Sec.*, 2018 WL 947662, at *4 (N.D.N.Y. Feb. 16, 2018).

"The court finds that although the ALJ made a credibility determination, . . . the ALJ correctly applied the controlling legal standard, as discussed in SSR 16-3P, when []he considered the entire record, including the objective medical evidence and resolved the conflicts therein" in assessing Plaintiff's subjective complaints. *Green v. Comm'r of Soc. Sec.*, 2017 WL 571489, at *17 (E.D.N.Y. Feb. 13, 2017).[3] The Court concludes that the ALJ's determination here "is sufficiently grounded in the evidence," *Morris v. Colvin*, 2016 WL 3085427, at *10 (W.D.N.Y. June 2, 2016), and remand is not warranted.

### C. Plaintiff's Objections to the ALJ's RFC Determination

Plaintiff's final point in support of reversal argues that the ALJ's RFC determination was not supported by substantial evidence. Pl.'s Mem. of Law at p. 22. Plaintiff's brief catalogs various medical records and opinions and objects to the weight

---

[3] While specifically objecting to the ALJ making any credibility findings, Plaintiff also states that her positive work history should have "enhanced her credibility." Pl.'s Mem. of Law at p. 20. The failure to discuss a claimant's prior work history is not itself a basis for reversal, however. *Coty v. Colvin*, 2016 WL 1211284, at *4 (W.D.N.Y. Mar. 29, 2016); *Medovich v. Colvin*, 2015 WL 1310310, at *12 (N.D.N.Y. Mar. 23, 2015).

provided to them by the ALJ or argues that they suggest Plaintiff could not perform work as the ALJ found. *See id.* at pp. 20-25.

Residual functional capacity is defined as "'what an individual can still do despite his or her limitations . . . Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). "In making a residual functional capacity determination, the ALJ must consider a claimant's physical abilities, mental abilities, symptomology, including pain and other limitations which could interfere with work activities on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d at 210 (citing 20 C.F.R. § 404.1545(a)). "Ultimately, '[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment.'" *Hendrickson v. Astrue*, 2012 WL 7784156, at *3 (N.D.N.Y. Dec. 11, 2012) (quoting SSR 85-15, 1985 WL 56857, at *8).

When assessing a claimant's RFC, an ALJ is entitled to rely on opinions from both examining and non-examining State agency medical consultants because these consultants are qualified experts in the field of social security disability. 20 C.F.R. § 404.1513a; *see also Frey ex rel. A.O. v. Astrue*, 485 Fed. Appx. 484, 487 (2d Cir. 2012) ("The report of a State agency medical consultant constitutes expert opinion evidence which can be given weight if supported by medical evidence in the record."); *Little v. Colvin*, 2015 WL 1399586, at *9 (N.D.N.Y. Mar. 26, 2015) ("State agency physicians

are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.") (internal quotation marks omitted). The RFC determination "must be set forth with sufficient specificity to enable [the Court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

As noted above, the ALJ in this case conducted a thorough review of the record evidence in this case and provided a detailed explanation of his reasoning. Having conducted its own review of the record, the Court finds no error in the ALJ's RFC determination.

Plaintiff cites to a variety of evidence in the record which she contends supports a finding of disability. Much of the evidence relied upon, however, offers little to undermine the ALJ's conclusion. Plaintiff cites, for example, letters from May, September, and October 1999 regarding a disabling injury suffered by Plaintiff in a 1997 car accident. *See* Tr. at pp. 357-361, 376-393, & 396-397. The finding of disability articulated in these letters is not binding on the Commissioner since "[c]onclusions about whether a claimant is disabled are not 'medical opinions' entrusted to experts, but rather are reserved for the Commissioner." *Wallis v. Colvin*, 191 F. Supp. 3d 208, 213 n.9 (N.D.N.Y. 2016). The letters also predate Plaintiff's alleged onset date by more than fifteen years and so are clearly of limited relevance. *Frank B. o/b/o K.B. v. Comm'r of Soc. Sec.*, 2019 WL 3412608, at *5 (N.D.N.Y. July 29, 2019) ("Evidence that predates

a claimant's alleged disability onset period is ordinarily not relevant to evaluating a claimant's disability.").

Plaintiff cites other evidence which does provide some support for her position that she is disabled. *See* Pl.'s Mem. of Law at pp. 21-22. While recognizing that this evidence supports Plaintiff's contentions, "the Court notes that '[i]t is the province of the ALJ, not the reviewing court, to weigh and evaluate evidence.'" *Stacy M. v. Berryhill*, 2019 WL 1432764, at *7 (N.D.N.Y. Mar. 29, 2019) (*Gatien v. Berryhill*, 2017 WL 6397734, at *6 (E.D.N.Y. Dec. 13, 2017)). "It is the ALJ's sole responsibility to weigh all medical evidence and resolve material conflicts where sufficient evidence provides for such." *Petell v. Comm'r of Soc. Sec.*, 2014 WL 1123477, at *10 (N.D.N.Y. Mar. 21, 2014). As a result, the Court will not second guess the ALJ's conclusions regarding the evidence in the record as his conclusions are supported.

Plaintiff also objects to the ALJ's consideration of Nurse Practitioner Delaparte's opinion. Pl.'s Mem. of Law at pp. 24-25. Plaintiff first takes exception to the ALJ's identification of Delaparte as not being a medically acceptable source. While conceding that at the time of the ALJ's decision Nurse Practitioners were not medically acceptable sources, Plaintiff nonetheless argues that she should have been treated as one in any event. *Id.* at p. 24. In support of this proposition, Plaintiff cites *Canales v. Comm'r of Soc. Sec.*, 698 F. Supp. 2d 335 (E.D.N.Y. 2010) and SSR 06-3p, both of which call upon ALJs to provide complete explanations for their treatment of opinions from sources who are not recognized as acceptable medical sources. *Canales v. Comm'r of Soc. Sec.*, 698

F. Supp. 2d at 344. The ALJ clearly met this obligation in providing a detailed explanation of his consideration of Delaparte's opinion. Tr. at pp. 28-29.

In considering the opinion of NP Delaparte, the ALJ noted problems with the "checkoff" opinion form provided by the source both because the form provided little narrative explanation and because it appeared to be significantly contradicted by Delaparte's treatment notes. Tr. at p. 29. Plaintiff objects to this finding – suggesting both that the ALJ was wrong to afford the opinion less weight because of the form used and by arguing that the ALJ appears not to have "taken the time to read" the treatment notes in the record. Neither argument supports reversal. First, courts have long recognized that "[f]orm reports of this sort are, by their nature, of limited evidentiary value." *Scitney v. Colvin*, 41 F. Supp. 3d 289, 301 (W.D.N.Y. 2014). As a result, "courts have routinely recognized the failure to provide a requested narrative explanation on a check box form as a legitimate reason for affording a treating source opinion limited weight." *Dawn P. v. Berryhill*, 2019 WL 1024279, at *6 (N.D.N.Y. Mar. 4, 2019) (citing cases). Moreover, the ALJ clearly reviewed the accompanying treatment records as his detailed reference to them demonstrates and which the Court's review reveals to have been accurate. *See* Tr. at p. 29.[4]

---

[4] Plaintiff's Motion raises a variety of other distinct factual arguments which have been considered and found to be without merit for the reasons identified in Defendant's Motion.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED** and Plaintiff's Complaint is **DISMISSED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Memorandum-Decision and Order on the parties.

Dated: September 26, 2019
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge